UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IRVING X. DILLON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-0109 PS |
| | ) | |
| JOHN R. VANNATTA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Irving Dillon, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a prison disciplinary hearing at which he lost earned credit time. The Attorney General of Indiana has submitted the administrative record, which sets forth the proceedings before the disciplinary hearing board. Dillon did not file a traverse.

**BACKGROUND**

According to the conduct report (Respondent's Exhibit A), on November 18, 2005, Counselor Tobin delivered mail marked "legal documents" to Dillon's cell. Dillon signed for the mail, and Counselor Tobin searched it for contraband. Counselor Tobin noticed that the texture and thickness of the paper was not normal and told Dillon that the paper didn't feel right. She gave Dillon one of the pages, held another piece of the paper up to the light, and discovered that it was two sheets of paper glued together with money in between. Counselor Tobin confiscated the mail and discovered that it contained a total of six $100 bills.

Counselor Tobin wrote a report of conduct accusing Dillon of an "Attempt to Engage in Trafficking." (Exhibit A). Dillon requested his cellmate as a witness and the confiscated money and video as physical evidence. (Exhibit B). At the hearing, Dillon claimed he was innocent and that

someone tried to involve him in a trafficking scheme. The disciplinary hearing board found Dillon guilty of attempted trafficking, based on staff reports, Dillon's statement, evidence from witnesses, and the video and photocopy of the confiscated money. (Exhibit E). The board imposed a sanction of 180 day earned credit time loss, and six months disciplinary segregation. Dillon appealed, but the facility head and the final reviewing authority upheld the board's finding of guilt.

## STANDARD OF REVIEW

Where prisoners lose good time credits at prison disciplinary hearings or are demoted to a lower credit time earning classification, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

## DISCUSSION

Dillon asserts: (1) that he was denied evidence because his written statement was not entered into evidence until the day of the hearing, that he was not given the results of the investigation, that he wasn't able to see the actual confiscated money at the hearing, and that the videotape wasn't given proper weight at the hearing; and (2) that there was insufficient evidence to find him guilty.[1]

---

[1] The recent Seventh Circuit case of *Johnson v. Finnan*, 2006 WL 3095682 (7th Cir. Nov. 2, 2006) is not implicated in this matter. Unlike *Johnson*, this case does not involve material questions of fact pertinent to an issue of constitutional law.

**A.     DENIAL OF EVIDENCE**

Dillon claims that his written statement was not entered into evidence until the day after the hearing, that he was not given the results of the investigation, that he wasn't able to see the confiscated money at the hearing, and that the videotape was not given proper weight at the hearing. (Petition at 4). The rule of *Brady v. Maryland*, 373 U.S. 83 (1963), "requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). The *Brady* rule has two functions in the prison disciplinary context: to ensure that the disciplinary board considers all relevant evidence and to enable the prisoner to present his best defense. *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981).

The physical evidence that Dillon requested be present at the hearing does not exculpate him. According to Dillon's request for evidence, the video only showed Counselor Tobin kneeling "down to the cuff port." (Exhibit B) Thus, the video did not disprove that his mail contained contraband money or that he attempted to engage in trafficking. The video quite simply did not show what occurred. Moreover, there is no requirement that the evidence be physically present at the hearing. The board stated that it reviewed the videotape, which is sufficient to meet the requirements of *Wolff*, even if the review was not done in Dillon's presence. In the same vane, presenting the actual money that was seized – as opposed to photocopies of it – would not have disproved that Dillon attempted to traffick. Thus, the fact that the board reviewed photocopies of the six one hundred dollar bills is sufficient to meet the requirements of *Wolff*.

Dillon also claims that the board did not review his written statement but instead inserted it in the record the following day. But even if this were the case, the record establishes (at Exhibit E) that he told his side of the story at the hearing which was consistent with the statement. Thus, the Board did consider the evidence, albeit in a different form.

**B.     SUFFICIENCY OF THE EVIDENCE**

Dillon alleges that there was insufficient evidence to find him guilty of attempted trafficking because "(t)here is absolutely no evidence that would show the petitioner's involvement. The evidence only shows that an outside person tried to involve the petitioner." (Petition at 3). Dillon further asserts that the mail could not be linked to him and, therefore, he shouldn't have been found guilty.

The amount of evidence needed to support a finding of guilt in a prison disciplinary hearing is very modest, requiring only "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649,652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 652 citing *Hill v. Superintendent*, 472 U.S. at 457. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Webb v. Anderson*, 224 F.3d at 652, citing *Hill v Superintendent*, 472 U.S. at 455-6.

In its Report of Disciplinary Hearing, the board states that it relied on several pieces of evidence, including staff reports, Dillon's statement, evidence from witnesses, and the investigator's case file. (Exhibit E). This evidence meets the "some evidence" standard. In its report of disciplinary hearing, the board credited the report of conduct, in which Counselor Tobin described how she found money in mail addressed to Dillon. The fact that mail addressed to Dillon contained contraband, by itself, constitutes "some evidence" that he was attempted to traffick.

In essence Dillon's story was that someone had "tried to involve me in a trafficking scheme . . .. It cannot be proven I had engaged into a trafficking scheme." (Exhibit E). The Board looked askance at this claim and arrived at the altogether reasonable view that it is highly unlikely that

4

someone would try to get Dillon in trouble by mailing him $600.  Thus, the disciplinary hearing board had sufficient evidence to find Dillon guilty of attempted trafficking.

## CONCLUSION

For the foregoing reasons, the court the court **DENIES** this petition.

**SO ORDERED**.

ENTERED: November 16, 2006


/s Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT